Jennifer F. Novak, SBN 183882
novak@jfnovaklaw.com
LAW OFFICE OF JENNIFER F. NOVAK
500 Silver Spur Road, Suite 206
Rancho Palos Verdes, California 90275
Telephone:   (310) 693-0775
Facsimile:   (310) 957-2624

Colin Kelly, SBN 266956
Sarah Spinuzzi, SBN 305658
colin@coastkeeper.org
sarah@coastkeeper.org
ORANGE COUNTY COASTKEEPER
3151 Airway Avenue, Suite F-110
Costa Mesa, California 92626
Telephone:   (714) 850-1965
Facsimile:   (714) 850-1592

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INLAND EMPIRE WATERKEEPER, a project of Orange County Coastkeeper, and ORANGE COUNTY COASTKEEPER, a California non-profit corporation;<br><br>Plaintiffs,<br><br>v.<br><br>CORONA CLAY CO., a California Corporation;<br><br>Defendant. | Case No.: 8:18-cv-00333 DOC (DFM)<br><br>Hon. David O. Carter<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 8 TO PRECLUDE EVIDENCE OF PLAINTIFFS' PRIOR LAWSUITS.**<br><br>(Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 et seq.)<br><br>Pre-Trial Conference: June 28, 2019<br>Trial Date:  July 9, 2019<br>Time: 8:30 a.m.<br>Location:  Courtroom 9D<br>Action Filed: April 20, 2018 |

PLAINTIFFS' MOTION IN LIMINE
NO. 8

1

Case No. 8:18-cv-00333 DOC (DFM)

**TO THE HONORABLE COURT AND TO ALL PARTIES AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that at the Pre-Trial Conference currently set for June 28, 2019 at 8:30 a.m. in Courtroom 9D of the above captioned court, Plaintiffs Inland Empire Waterkeeper and Orange County Coastkeeper ("Waterkeeper") will, and hereby do, move the Court for an order precluding Defendant from introducing evidence or advancing any arguments at trial regarding Consent Decrees or other settlements entered in other cases brought by Waterkeeper pursuant to Federal Rules of Evidence rules 403 and 404.

This motion is based upon this Notice of Motion, and the Points and Authorities set forth herein, along with the pleadings and papers on file in this action, any matters the Court may take judicial notice of, and the arguments of counsel that the Court may receive at the time of the hearing.

This motion is made following the meet and confer teleconference of counsel that occurred on June 5, 2019.

Dated:        June 17, 2019        Respectfully submitted,
                                    LAW OFFICE OF JENNIFER F. NOVAK

                                    Jennifer. F. Novak  /s/
                                    Jennifer F. Novak
                                    Attorney for Plaintiffs Inland
                                    Empire Waterkeeper and Orange County
                                    Coastkeeper

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.    INTRODUCTION

Pursuant to Federal Rules of Evidence rules 403 and 404, Waterkeeper submits this motion *in limine* to preclude Defendant from offering evidence or argument pertaining to Waterkeeper's prior litigation, including any consent decrees or settlements entered in prior cases.  Defendant seeks to advance baseless arguments regarding the alleged litigiousness of Waterkeeper.  The fact that Waterkeeper, a water quality advocacy organization, files lawsuits to enforce the Clean Water Act has no probative value in this case.  While Waterkeeper is proud of its record of enforcement of the Clean Water Act, as it fulfills a valuable service to the State and the citizens who enjoy its natural resources, introducing evidence of prior lawsuits and corresponding consent decrees at trial lacks probative value, is unfairly prejudicial, and is inadmissible character evidence pursuant to Federal Rules of Evidence rules 403 and 404.

### 2.    FACTUAL BACKGROUND

Waterkeeper filed a citizen suit against Defendant for violations of the Clean Water Act.  Throughout the litigation, Defendant's primary defense has been that Waterkeeper lacks standing to bring a citizen suit for these violations.  Defendant has asserted its belief that water quality is not germane to Waterkeeper's purpose, and that, instead, Waterkeeper's purpose is to "make money by pressing small companies such as Defendant into quick settlement through the use of lawsuits."  ECF # 54, 12:9-10.  Having few defenses on the merits of the Waterkeeper's claims, Defendant seeks to prejudice the jury by introducing arguments and evidence of Waterkeeper's prior Clean Water Act suits.  Defendant has listed seventeen of Waterkeeper's prior consent decrees as exhibits in the joint exhibit list.  ECF # 51, Exhs. 245-261.

Waterkeeper has filed multiple Clean Water Act suits in the past, as part of Waterkeeper's mission is to protect water quality through citizen suit enforcement of the Act.  These actions are not only allowed by law but favored within the Ninth Circuit.  *See, e.g., Sierra Club v. Chevron U.S.A., Inc.*, 834 F.2d 1517, 1525 (9th Cir. 1987).  Even so, based upon Defendant's exhibit list, it appears Defendant will not explain the importance of citizen suits to the overall implementation of the Clean Water Act, but will cast citizen enforcement as improper, as it has previously (and incorrectly) claimed that Waterkeeper is an "attorney-run organization" that extracts "settlements and lucrative fees" from small companies.  ECF # 54, 17:8-10.

**3.      DEFENDANT SHOULD BE PRECLUDED FROM INTRODUCING ARGUMENTS OR EVIDENCE REGARDING WATERKEEPER'S PRIOR CLEAN WATER ACT LITIGATION.**

Based on Defendant's inclusion of 17 prior Waterkeeper consent decrees in the joint exhibit list (ECF # 51, Exhs. 246-261), Waterkeeper anticipates that Defendant will attempt to introduce prior consent decrees to essentially argue that Waterkeeper is a vexatious litigant.  A "vexatious suit" is a "lawsuit instituted maliciously and without good cause."  *Molski v. Mandarin Touch Rest.*, 347 F. Supp. 2d 860, 864 (C.D. Cal. 2004) (citing *Vexatious Suit*, *Black's Law Dictionary* (8th ed. 2004), *aff'd in part, dismissed in part sub nom. Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007).  In contrast, this lawsuit was filed by Waterkeeper with a good faith expectation of prevailing.  Waterkeeper's expectation of prevailing is validated by its recent success prevailing on the merits of two of the five causes of action it has pursued in this litigation through summary judgment, and where the Court found triable issues of fact existed for the remaining three causes of action.  ECF #55.

Defendant has no evidence that this lawsuit was brought maliciously or without good cause, or that prior consent decrees approved by the Department of

PLAINTIFFS' MOTION IN LIMINE   4
NO. 8                                                    Case No. 8:18-cv-00333 DOC (DFM)

Justice were malicious or without good cause.[1]  Generally, unless prior lawsuits have been shown to be fraudulent, the probative value of evidence pertaining to a plaintiff's litigation history is substantially outweighed by the danger of bias. *Henderson v. Peterson*, 2011 WL 2838169, at *5 (N.D. Cal. 2011) (granting plaintiff's motion *in limine* to exclude evidence of or reference to plaintiff's other complaints and lawsuits).  Such evidence is also inadmissible character evidence under Federal Rules of Evidence rule 404.  *Id.* (citing *Seals v. Mitchell*, 2011 WL 1399245, at *5 (N.D. Cal. 2011)); *see also Outley v. City of New York*, 837 F.2d 587, 592 (2d Cir. 1988) (internal citations omitted).  Here, Defendant has no evidence that prior lawsuits were fraudulent, so the probative value is outweighed by the risk of prejudice.  Further, if offered to prove that Waterkeeper has filed bad faith lawsuits in the past and is acting similarly in this matter, it is inadmissible character evidence pursuant to Rule 404.

The Ninth Circuit has rejected the use prior lawsuits to impugn the credibility of a plaintiff in an Americans with Disabilities Act ("ADA") lawsuit, noting that the "attempted use of past litigation to prevent a litigant from pursuing valid claim in federal court warrants our most careful scrutiny." *D'Lil v. Best W. Encina Lodge & Suite*s, 538 F.3d 1031, 1040 (9th Cir. 2008) (citing *Outley,* 837 F.2d at 592). The Court went on to explain that in the context of the ADA where only injunctive relief is available to a plaintiff:

> Most ADA suits are brought by a small number of private plaintiffs who view themselves as champions of the disabled.... For the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA.

*Id*. (internal citations omitted). Similarly, citizens' enforcement of the Clean Water

---

[1] The Clean Water Act requires that the Department of Justice receive 45 days to comment on all consent decrees before they are entered. 33 U.S.C. §1365(c)(3); *see also* 40 C.F.R. § 135.5.

Act allows only for injunctive relief, resulting in the need for a few parties to bring the majority of litigation.  The mere existence of prior litigation brought by Waterkeeper to enforce the Clean Water Act is probative of no relevant fact at issue in this case.  The danger of unfair prejudice and confusion of the jury by offering the existence of such litigation is outweighed by any probative value that may exist.

**4.    CONCLUSION**

Waterkeeper requests that this Court exclude Defendant from advancing arguments or introducing evidence of Waterkeeper's prior consent decrees and litigation.

Dated:        June 17, 2019            Respectfully submitted,
                                       LAW OFFICE OF JENNIFER F. NOVAK


Jennifer. F. Novak  /s/
Jennifer F. Novak
Attorney for Plaintiffs Inland Empire
Waterkeeper and Orange County
Coastkeeper

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Rod Pacheco (Bar No. 112432)
rpacheco@pncounsel.com
Brian Neach (Bar No. 242801)
bneach@pncounsel.com
PACHECO & NEACH P.C.
3 Park Plaza, Suite 120
Irvine, CA 92614
*Counsel for Defendant*

Colin Kelly (Bar No. 266956)
colin@coastkeeper.org
Sarah Spinuzzi (Bar No. 305658)
sarah@coastkeeper.org
ORANGE COUNTY COASTKEEPER
INLAND EMPIRE WATERKEEPER
3151 Airway Avenue, Suite F-110
Costa Mesa, California 92626
Telephone: (714) 850-1965
*Counsel for Plaintiffs*

DATED this 17th day of June, 2019.

By: /s/ Suzanne Willoughby
Suzanne Willoughby
Law Office of Jennifer F. Novak
500 Silver Spur Road, Suite 206
Rancho Palos Verdes, CA 90275