Jennifer F. Novak, SBN 183882
novak@jfnovaklaw.com
LAW OFFICE OF JENNIFER F. NOVAK
500 Silver Spur Road, Suite 206
Rancho Palos Verdes, California 90275
Telephone:   (310) 693-0775
Facsimile:    (310) 957-2624

Colin Kelly, SBN 266956
Sarah Spinuzzi, SBN 305658
colin@coastkeeper.org
sarah@coastkeeper.org
ORANGE COUNTY COASTKEEPER
3151 Airway Avenue, Suite F-110
Costa Mesa, California 92626
Telephone:   (714) 850-1965
Facsimile:    (714) 850-1592

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INLAND EMPIRE WATERKEEPER, a project of Orange County Coastkeeper, and ORANGE COUNTY COASTKEEPER, a California non-profit corporation; <br><br> Plaintiffs, <br><br> v. <br><br> CORONA CLAY CO., a California Corporation; <br><br> Defendant. | Case No.: 8:18-cv-00333 DOC (DFM) <br><br> Hon. David O. Carter <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 12 TO PRECLUDE DEFENDANT FROM CALLING OPPOSING COUNSEL AS A WITNESS** <br><br> (Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 et seq.) <br><br> Pre-Trial Conference: June 28, 2019 <br> Trial Date:  July 9, 2019 <br> Time: 8:30 a.m. <br> Location:  Courtroom 9D <br> Action Filed: April 20, 2018 |

PLAINTIFFS' MOTION IN LIMINE NO. 12

1

Case No. 8:18-cv-00333 DOC (DFM)

**TO THE HONORABLE COURT AND TO ALL PARTIES AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that at the Pre-Trial Conference currently set for June 28, 2019 at 8:30 a.m. in Courtroom 9D of the above captioned court, Plaintiffs Inland Empire Waterkeeper and Orange County Coastkeeper ("Waterkeeper") will and hereby do move the Court for an order preventing Defendant from calling opposing counsel as a witness.

This motion is based upon this Notice of Motion, and the Points and Authorities set forth herein, along with the pleadings and papers on file in this action, any matters the Court may take judicial notice of, and the arguments of counsel that the Court may receive at the time of hearing.

This motion is made following notice to counsel for Defendant and meet and confer that occurred on June 5, 2019.

Dated:         June 17, 2019                    Respectfully submitted,
                                                LAW OFFICE OF JENNIFER F. NOVAK

                                                Jennifer. F. Novak  /s/
                                                Jennifer F. Novak
                                                Attorney for Plaintiffs Inland
                                                Empire Waterkeeper and Orange County
                                                Coastkeeper

PLAINTIFFS' MOTION IN LIMINE                    2
NO. 12                                          Case No. 8:18-cv-00333 DOC (DFM)

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.   INTRODUCTION

Pursuant to Federal Rule of Evidence 403, Plaintiffs file this motion *in limine* to preclude Defendant from calling Sarah Spinuzzi as a witness.  She is a staff attorney for Orange County Coastkeeper and Inland Empire Waterkeeper and is an attorney of record in this case.  Waterkeeper seeks to preclude Ms. Spinuzzi from Defendant calling her as a witness based on the fact that there is no actual need to call her, and to do so will simply cause delay in violation of the Federal Rules of Evidence and relevant caselaw.

### 2.   FACTUAL BACKGROUND

Defendant identified Ms. Spinuzzi as a witness in its Witness List filed on June 3, 2014.  She is identified as witness number 4 with an estimated cross-examination time of two hours. ECF #53.  At the meet and confer on the matter, counsel for Defendant was unwilling to remove her from its witness list, necessitating Waterkeeper to file this motion.

### 3.   DEFENDANT SHOULD BE PRECLUDED FROM CALLING OPPOSING COUNSEL AS A WITNESS

Calling opposing counsel to testify at trial is inherently different from calling other types of witnesses.  Before calling an opposing attorney as a witness at trial, there must first be an inquiry as to whether it is proper.  There must be a showing that: 1) there are no other means to obtain the information; 2) the information is relevant and non-privileged; and 3) the information is crucial to the case.  *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1330 (8th Cir. 1986); *Van Daele Development Corporation v. Steadfast Insurance Company*, 2014 WL 12564277, at *1 (C.D.Cal., 2014); *Boughton v. Cotter Corp.*, 65 F.3d 823, 829-830 (10th Cir. 1995).  None of those factors apply here, making it proper to exclude Ms. Spinuzzi as a witness.

Ms. Spinuzzi has not been designated as having any factual information, and her testimony is not relevant to any material issue of proof for either our causes of action nor Defendant's claimed defenses.  To the extent she is on the list because she submitted a Public Records Act request to Michael Roth of the Regional Water Quality Control Board, and followed up on that request, Defendant already deposed Mr. Roth on the topic.  To the extent Defendant can show that any communication between Ms. Spinuzzi and Mr. Roth is relevant to the case, Mr. Roth has been designated as a witness and can answer related questions, fully eliminating the need for additional testimony from opposing counsel.

In addition, even with a more holistic and lenient interpretation as to whether a lawyer should be called as a witness at trial, in this case calling Ms. Spinuzzi as a witness remains unjustified.  *See Van Daele*, *supra*, 2014 WL 12564277, at *2 (C.D. Cal. 2014) (where the Court acknowledged that the Ninth Circuit had not taken a position on use of a more relaxed test than *Shelton*, taking the cue from revised Fed. Rule of Civil Procedure 26).  This more "relaxed" test takes into consideration such information as "the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted." *Van Daele, supra*, 2014 WL 12564277, at *2 (C.D.Cal. 2014). Here, Ms. Spinuzzi's role of submitting Public Records Act Requests and providing other publically available documents for trial is of little importance to the issues that will be before the Court.  In addition, for any other type of testimony Defendant could conjure up, the attorney-client privilege will be a likely unsurmountable hurdle.

/ / /

/ / /

/ / /

PLAINTIFFS' MOTION IN LIMINE   4
NO. 12                                         Case No. 8:18-cv-00333 DOC (DFM)

## 4. CONCLUSION

Not only would permitting Defendant to call Ms. Spinuzzi as a witness be beyond what the law provides, but will only cause delay, and she should be precluded from testifying in this matter.

Dated:      June 17, 2019                    Respectfully submitted,
                                             LAW OFFICE OF JENNIFER F. NOVAK


Jennifer. F. Novak  /s/
Jennifer F. Novak
Attorney for Plaintiffs Inland Empire
Waterkeeper and Orange County
Coastkeeper