Jennifer F. Novak, SBN 183882
novak@jfnovaklaw.com
LAW OFFICE OF JENNIFER F. NOVAK
500 Silver Spur Road, Suite 206
Rancho Palos Verdes, California 90275
Telephone:   (310) 693-0775
Facsimile:    (310) 957-2624

Colin Kelly, SBN 266956
Sarah Spinuzzi, SBN 305658
colin@coastkeeper.org
sarah@coastkeeper.org
ORANGE COUNTY COASTKEEPER
3151 Airway Avenue, Suite F-110
Costa Mesa, California 92626
Telephone:   (714) 850-1965
Facsimile:    (714) 850-1592

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INLAND EMPIRE WATERKEEPER, a project of Orange County Coastkeeper, and ORANGE COUNTY COASTKEEPER, a California non-profit corporation;<br><br>Plaintiffs,<br><br>v.<br><br>CORONA CLAY CO., a California Corporation;<br><br>Defendant. | Case No.: 8:18-cv-00333 DOC (DFM)<br><br>Hon. David O. Carter<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 13 TO PRECLUDE DEFENDANT FROM SEEKING TESTIMONY OF WITNESSES WITH NO KNOWLEDGE OF FACTS RELEVANT TO ISSUES OF PROOF OR DEFENSES**<br><br>(Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 et seq.)<br><br>Pre-Trial Conference: June 28, 2019<br>Trial Date:  July 9, 2019<br>Time: 8:30 a.m.<br>Location:  Courtroom 9D<br>Action Filed: April 20, 2018 |

PLAINTIFFS' MOTION IN LIMINE
NO. 13

1

Case No. 8:18-cv-00333 DOC (DFM)

**TO THE HONORABLE COURT AND TO ALL PARTIES AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that at the Pre-Trial Conference currently set for June 28, 2019 at 8:30 a.m. in Courtroom 9D of the above captioned court, Plaintiffs Inland Empire Waterkeeper and Orange County Coastkeeper ("Waterkeeper") will and hereby do move the Court for an order precluding Defendant from Seeking testimony of witnesses with no knowledge of facts relevant to issues of proof or defenses.

This motion is based upon this Notice of Motion, and the Points and Authorities set forth herein, along with the pleadings and papers on file in this action, any matters the Court may take judicial notice of, and the arguments of counsel that the Court may receive at the time of hearing.

This motion is made following notice to counsel for Defendant and meet and confer that occurred on June 5, 2019.

Dated:      June 17, 2019              Respectfully submitted,
                                       LAW OFFICE OF JENNIFER F. NOVAK

                                       Jennifer. F. Novak  /s/
                                       Jennifer F. Novak
                                       Attorney for Plaintiffs Inland
                                       Empire Waterkeeper and Orange County
                                       Coastkeeper

PLAINTIFFS' MOTION IN LIMINE                    2
NO. 13                                          Case No. 8:18-cv-00333 DOC (DFM)

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1.   INTRODUCTION

Motions in limine are a well-recognized judicial practice authorized under case law.  *See Ohler v. United States*, 529 U.S. 753, 758, 120 S.Ct. 1851, 1854 fn. 3 (2000).  The Court's power to rule on motions in limine stems from "the court's inherent power to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984); *United States v. Holmquist*, 36 F.3d 154, 163 (1st Cir. 1994).

## 2.   FACTUAL BACKGROUND

Garry Brown, the Executive Director of Orange County Coastkeeper and Ellen Brown, Mr. Brown's wife, have been named in Defendant's witness list.  ECF #53.  Defendant has allotted three hours for direct examination of Mr. Brown, and two hours for Ellen Brown.  However, Federal Rule of Evidence 602 precludes them from being called.  While Mr. Brown is the Founding Director of Orange County Coastkeeper, and Ellen Brown is the Assistant Board Secretary, neither individual has any personal knowledge of any matter that is of consequence to this action, and as such, the Federal Rules of Evidence prohibit Defendant from eliciting testimony from them at trial.  Fed. R. Evid. 602.

## 3.   DEFENDANT SHOULD BE PRECLUDED FROM CALLING OPPOSING COUNSEL AS A WITNESS

Federal Rule of Evidence 602 prevents a witness from testifying on a matter "unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001); Fed. R. Evid. 602.  In this case, Defendant has identified two witnesses, neither of which has personal knowledge of material issues for either a cause of action or a legitimate defense.  *See Zokari v. Gates,* 561 F.3d 1076, 1089 (10th Cir. 2009).   If they have no information that either proves Corona Clay's violations or provides a defense to any cause of action, it is irrelevant, a

waste of judicial resources, and risks undue prejudice without providing any probative value. Fed. R. Evid. 403.  Defendant is likely to argue that Plaintiffs commenced this litigation solely for the purpose of recovering attorneys' fees. However, while their assertion is patently false, it is also not at all relevant to any issue in this matter and calling members of Orange County Coastkeeper would serve no other purpose than to delay and mislead.  Fed. R. Evid. 403.

Federal Rule of Evidence 701 provides that "[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness' perception; helpful to clearly understand the witness' testimony or to determine a fact in issue; and not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. When no evidence is introduced to establish personal knowledge of the matter, a party may move to exclude lay opinion testimony as to that matter at issue.  *Baltazar v. Target Corp.*, 2014 WL 12599626, at *4 (C.D. Cal. Oct. 22, 2014).

## 4.   **CONCLUSION**

In this case, Defendant should be precluded from calling witnesses without knowledge of facts relevant to issues of proof or defenses in this case.  To do so flies in the face of the Federal Rules of Evidence and caselaw.

Dated:        June 17, 2019              Respectfully submitted,
                                         LAW OFFICE OF JENNIFER F. NOVAK


                                         Jennifer. F. Novak  /s/
                                         Jennifer F. Novak
                                         Attorney for Plaintiffs Inland Empire
                                         Waterkeeper and Orange County
                                         Coastkeeper

PLAINTIFFS' MOTION IN LIMINE                4
NO. 13                                          Case No. 8:18-cv-00333 DOC (DFM)