Rod Pacheco (SBN 112432)
(rpacheco@pncounsel.com)
Brian Neach (SBN 242801
(bneach@pncounsel.com)
Bilal Essayli (SBN 273441)
(bessayli@pncounsel.com)
PACHECO & NEACH P.C.
3 Park Plaza, Suite 120
Irvine, CA 92614
Telephone: (714) 462-1700
Facsimile: (714) 462-1785

*Counsel for Defendant Corona
Clay Company*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INLAND EMPIRE WATERKEEPER, et al.<br><br>Plaintiff,<br><br>v.<br><br>CORONA CLAY CO.,<br><br>Defendants. | Case No. 8:18-cv-00333-DOC-DF<br><br>District Judge: Hon. David O. Carter.<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 1 TO EXCLUDE UNTIMELY DISCLOSED WITNESSES**<br><br>Pre-Trial Conf.: June 28, 2019<br>Time: 8:30 a.m.<br>Courtroom: 9D<br><br>Trial Date: July 9, 2019<br><br>Time: 8:30 a.m.<br>Courtroom: 9D |

PLEASE TAKE NOTICE that on June 28, 2019 at 8:30 a.m., or as soon thereafter as this matter can be heard, before the Honorable David O. Carter of the United States District Court for the Central District of California, at Courtroom 9D of the above captioned court, defendant Corona Clay Company by and through its

1

counsel of record, will move and hereby does move *in limine* to exclude untimely disclosed witnesses of plaintiff Inland Empire Waterkeeper and Orange County Coastkeeper.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, attached exhibits, all pleadings and papers on file in this action, and any other matters of which the Court may take notice or that may be presented at the hearing on this motion.

DATED:  June 17, 2019                    Pacheco & Neach PC

                                        By:      /s/ Bilal Essayli
                                              Rod Pacheco
                                              Brian Neach
                                              Bilal Essayli
                                              Attorneys for Corona Clay Company

2

DEFENDANT'S MOTION *IN LIMINIE* NO. 1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

On August 2, 2018, plaintiff Inland Empire Waterkeeper and Orange County Coastkeeper ("Waterkeeper") made their initial disclosures pursuant to Fed. R. Civ. P. 26, in which they disclosed the names of 10 potential witness in support of their case. A copy of plaintiff's initial disclosures is attached hereto as Exhibit A.

On February 14, 2019, plaintiff made its First Supplemental Disclosures, whereby they identified one additional witness in support on their claims. A copy of the First Supplemental Disclosures is attached hereto as Exhibit B.

On April 26, 2019, plaintiff made its Second Supplemental Disclosures and identified two additional witnesses.  A copy of the Second Supplemental Disclosures is attached hereto as Exhibit C.

The Court set a discovery cut-off date May 24, 2019. (Case Dkt. 21). On June 10, 2019, plaintiff filed its Amended Witness List and included names of witnesses not previously disclosed. (Case Dkt. 57). Specifically, plaintiff listed the names of Thomas Hashemi and Karla Gutierrez. Additionally, plaintiff has generically listed a "Custodian" of record to be called from the California Regional Water Quality Control Board and for Reference Laboratories. To date, plaintiff has still not identified the specific witness it intends to call at trial for these records.

For the reasons stated below, pursuant to Fed. R. Civ. P. 37, defendant respectfully requests an order excluding Thomas Hashemi, Karla Gutierrez, and any other witness not previously disclosed by plaintiff from testifying at trial.

### II.   ARGUMENT

Fed. R. Civ. P. 26(a)(1)(A)(i) requires parties to provide to other parties "the name ... of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or

3

defenses." And "[a] party who has made a disclosure under Rule 26(a) ... must supplement or correct its disclosure" in a "timely manner if the party learns that in some material respect the disclosure ... is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e) (emphasis added).

Fed. R. Civ. P. 37 "gives teeth to the disclosure requirements of Rule 26 by forbidding the use at trial of any information that is not properly disclosed." *Risinger v. SOC, LLC*, 306 F.R.D. 655, 662 (D. Nev. 2015) (citing *Goodman v. Staples The Office Superstore*, 644 F.3d 817, 827 (9th Cir.2011); *see also Vieste, LLC v. Hill Redwood Development*, 2011 WL 2181200, *2, n. 2 (N.D. Cal. June 3, 2011) (A witness who has "never been disclosed as a witness pursuant to Rule 26, and was not otherwise disclosed per Rule 26(e)(1)" may not be used to offer evidence in accordance with Rule 37(c)(1)).

Rule 26 ensures that the parties make a complete and detailed disclosure of potential witnesses to "encourage parties to try cases on the merits, not by surprise and not by ambush." *Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843, 862 (9th Cir. 2014); *Poitra v. Sch. Dist. No. 1 in the Cty. of Denver*, 311 F.R.D. 659, 663–64 (D. Colo. 2015) ("[I]nitial disclosures should be complete and detailed ... so that [the witnesses] can be contacted in connection with the litigation."). Compliance with Rule 26's disclosure requirements is mandatory. *Ollier*, 768 F.3d at 862 (citing *Republic of Ecuador v. Mackay*, 742 F.3d 860, 865 (9th Cir.2014). Both the Ninth Circuit and the Advisory Committee on the Federal Rules of Civil Procedure have made it clear that "an adverse party should not have to guess which undisclosed witnesses may be called to testify" and that litigants should not "indulge in gamesmanship with respect to the disclosure obligations." *Ollier*, 768 F.3d at 863 (emphasis added); *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 936 n. 3 (9th Cir.1994) (quoting Fed. R. Civ. P. 26 advisory

4

committee's note (1993 amend)). Under Rule 26, the burden to notify the other party of its intent to present a witness rests entirely on the party intending to present the witness. *McCollum v. UPS Ground Freight Inc.*, 2013 WL 105225 at *1(D. Ariz. Jan 9, 2013).

Here, plaintiff disclosed the identities of ten witnesses in their initial disclosures. After discovery had been completed on May 4, 2019 (Case Dkt. 21), and before trial, plaintiffs provided a witness list with additional witnesses plaintiff intends to call at trial in support of its case. (Case Dkt. 57). Plaintiff listed Thomas Hashemi and Karla Gutierrez who could have, and should have, been disclosed in either the initial disclosures of in the supplemental disclosures before the discovery cut-off.

Additionally, plaintiff has only generically listed a "Custodian" of record to be called from the California Regional Water Quality Control Board and for Reference Laboratories. Defendant still does not know who plaintiff will call to testify on these topics. Any disclosure now will be untimely pursuant to Rule 26.

## III.    CONCLUSION

Plaintiff had plenty of time to supplement their initial disclosures to include all their potential trial witnesses. Instead, two months before trial, after close of discovery, they disclosed that these individuals will be used at trial. Because plaintiff could have disclosed them earlier, the witnesses should be precluded from testifying.

Dated:    June 17, 2019                    Pacheco & Neach PC


By: /s/ Bilal Essayli
        Rod Pacheco
        Brian Neach
        Bilal Essayli
        *Counsel for Defendant*

5

DEFENDANT'S MOTION *IN LIMINIE* NO. 1

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2019, I filed the foregoing on this Court's electronic CMF filing system, which will deliver the foregoing via email to the following:

ORANGE COUNTY COASTKEEPER
INLAND EMPIRE WATERKEEPER
Colin Kelly (Bar No. 266956)
Email: colin@coastkeeper.org
Sarah Spinuzzi (Bar No. 305658)
Email: sarah@coastkeeper.org
3151 Airway Avenue, Suite F-110
Costa Mesa, California 92626
Telephone: (714) 850-1965

Jennifer F. Novak
Law Office of Jennifer F. Novak
500 Silver Spur Road, Suite 206
Rancho Palos Verdes, California 90275
(310) 693-0775 office
(626) 487-9762 cell
novak@jfnovaklaw.com

DATED this 17th day of June 2019.

_/s/ Bilal Essayli_____
Bilal Essayli
Attorneys for Corona Clay Co.

1
*CERTIFICATE OF SERVICE*