Jennifer F. Novak, SBN 183882
novak@jfnovaklaw.com
LAW OFFICE OF JENNIFER F. NOVAK
500 Silver Spur Road, Suite 206
Rancho Palos Verdes, California 90275
Telephone:   (310) 693-0775
Facsimile:    (310) 957-2624

Colin Kelly, SBN 266956
Sarah Spinuzzi, SBN 305658
colin@coastkeeper.org
sarah@coastkeeper.org
ORANGE COUNTY COASTKEEPER
3151 Airway Avenue, Suite F-110
Costa Mesa, California 92626
Telephone:   (714) 850-1965
Facsimile:    (714) 850-1592

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INLAND EMPIRE WATERKEEPER, a project of Orange County Coastkeeper, and ORANGE COUNTY COASTKEEPER, a California non-profit corporation;<br><br>Plaintiffs,<br><br>v.<br><br>CORONA CLAY CO., a California Corporation;<br><br>Defendant. | Case No.: 8:18-cv-00333 DOC (DFM)<br><br>Hon. David O. Carter<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 1 TO EXCLUDE UNTIMELY DISCLOSED WITNESSES**<br><br>(Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 et seq.)<br><br>Pre-Trial Conference: June 28, 2019<br>Trial Date:  July 9, 2019<br>Time: 8:30 a.m.<br>Location:  Courtroom 9D<br>Action Filed: April 20, 2018 |

PLAINTIFFS' OPPOSITION TO MOTION
IN LIMINE NO. 1                                            1    Case No. 8:18-cv-00333 DOC (DFM)

## I.     INTRODUCTION

Corona Clay's motion *in limine* number 1 seeks an order to exclude Thomas Hashemi, Karla Gutierrez and any "Custodians" of Records to be called as witnesses at trial. Corona Clay argues that the absence of Mr. Hashemi's and Ms. Gutierrez's names, and the generic title of "Custodian" in a Supplemental Disclosure precludes those witnesses from testifying at trial. These witness names or titles were provided in Waterkeeper's June 10, 2019 Amended Witness List.

Considering the circumstances of Defendant's conduct during discovery and established factors in assessing whether the omission of a potential witness was harmless, the Court should find against granting Defendant's motion *in limine*.

## I.     ARGUMENT

Corona Clay argues that Fed. R. Civ. P. 37(c)(1) should exclude the testimony of each witness as they were not disclosed pursuant to Fed. R. Civ. P. 26(a) or (e). Fed. R. Civ. P 26(a) and (e) govern initial disclosures and required supplemental disclosures and responses.  Fed. R. Civ. P 37(c)(1) states that a party that "fails to provide information or identify a witness as required under Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence…at a hearing, or at a trial, unless the failure was substantially justified or is *harmless*." (*emphasis* added).

It is within the broad discretion of the trial court to determine if the failure to disclose was harmless. *See Woodworker's Supply, Inc. v. Principal Mut. Life Ins., Co.*, 170 F.3d 985 (10th Cir. 1999) (citing *Mid–America Tablewares, Inc. v. Mogi Trading Co.,* 100 F.3d 1353, 1363 (7th Cir. 1996)). A court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose. *Id* at 993 (citing *U.S. v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir. 1998)). In making this determination the following factors should guide the court's discretion: (1) the prejudice or surprise to the party against whom the

PLAINTIFFS' OPPOSITION TO MOTION      2   Case No. 8:18-cv-00333 DOC (DFM)
IN LIMINE NO. 1

testimony is offered; (2) the ability of that party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Id.*

Waterkeeper's disclosure of Mr. Hashemi, Ms. Gutierrez and the "Custodian(s)" in our Amended Witness List is substantially justified and the Court's analysis for each weighs in favor of denying Defendant's motion *in limine*. Waterkeeper will address the analysis for each listed witness in turn.

Mr. Hashemi: The presence of Mr. Hashemi on Waterkeeper's Amended Witness List should not be a surprise to Defendant. Mr. Hashemi works for the laboratory Defendant chose to analyze their storm water samples and is listed as their contact person on their laboratory reports. Waterkeeper has sought evidence of Corona Clay's storm water samples since at least September 11, 2018 when we served our Request For Production, Set One ("RFP"). *Exhibit A*. Defendant vacillated between arguing that they had or had not sampled subsequent to 2015 and did not respond to the RFP by producing any storm water sample reports from their laboratory. Defendant's position changed during Corona Clay employee Jose Arana's April 24, 2019 deposition when he stated that he had sampled storm water from Corona Clay. *Exhibit B*. Defendant did not provide these storm water reports to Waterkeeper in supplemental disclosures until May 1, 2019, a few weeks before the discovery deadline. Those reports analyzed at least four samples collected before our RFP was sent and five samples collected from November 2018 to March 2019. These reports were not produced in Defendant's initial disclosures, in response to our RFP, and were not publicly available via the state's online database ("SMARTS") until May 14, 2019. This was information known to Defendant and kept from Waterkeeper until days before the discovery deadline. Rather than be prejudicial to Corona Clay, the Defendant's decision to horde storm water samples

PLAINTIFFS' OPPOSITION TO MOTION IN LIMINE NO. 1      3      Case No. 8:18-cv-00333 DOC (DFM)

until such time as Waterkeeper was unable to properly notice and subpoena Mr. Hashemi to testify is prejudicial to Waterkeeper's case.

The storm water reports uploaded to the state's SMARTS database were collected by Defendant and analyzed by their chosen laboratory before being certified by the laboratory and provided to the state by the Defendant. Mr. Hashemi would testify to the content of Defendant's laboratory reports, professional standards of his certified laboratory, storm water sample analysis and training, and sample result reporting. These storm water reports are relevant to the issue at hand as they were relied upon by Defendant's consultant when preparing his rebuttal expert report. *Exhibit C.*

The need for Mr. Hashemi to testify is significantly reduced if the Court relies on existing precedent precluding dischargers from seeking to impeach their own storm water samples. *See Sierra Club v. Union Oil. Co. of Cal.*, 813 F.2d 1480, 1491 (9th Cir. 1987)*, vacated,* 485 U.S. 931, *judgment reinstated in* 853 F.2d 667 (9th Cir. 1988). Reports uploaded by Defendant to SMARTS should be self-authenticated and allowed to speak for themselves. Further, if Defendant has objections to the admissibility of the records, then they may object at trial. Finally, there is no evidence of bad faith on behalf of Waterkeeper in provide Mr. Hashemi's name in the Amended Witness List when we were unaware of the existence of Defendant's storm water samples until shortly before the discovery cutoff and without sufficient time to notice or subpoena the witness.

Ms. Gutierrez: Upon review of the evidence and witnesses previously disclosed to Defendant, Waterkeeper will not oppose the exclusion of testimony from Ms. Gutierrez as her testimony would be unnecessary and duplicative.

Custodian(s) of Record: The laboratory and state custodian(s) of record were provided in Waterkeeper's Amended Witness List in response to Defendant's recent arguments seeking to impeach their own storm water sample reports and when they

PLAINTIFFS' OPPOSITION TO MOTION     4     Case No. 8:18-cv-00333 DOC (DFM)
IN LIMINE NO. 1

were provided to the state. As previously stated, existing case law precludes defendants in a Clean Water Act case from impeaching their own sample reports. *Id*. To "allow permittees to excuse their reported exceedances by showing sampling error would create the perverse result of rewarding permittees for sloppy laboratory practices. Such an approach would surely undermine the efficacy of the self-monitoring program." *Id.* at 1492.

Waterkeeper was provided with the same time constraints regarding the need for the custodian(s) of record as we were given with the need for Mr. Hashemi. As previously stated, the batched sample reports were not uploaded to the SMARTS database until ten days before the discovery deadline. The time to supplement our disclosures, notice and subpoena the custodian(s) of records was insufficient given the discovery deadline, Defendant's late supplemental disclosure, and challenge to the content of the reports. If Defendant is permitted to challenge their own storm water sample results, then Waterkeeper must be able to either call the custodian(s) of record to testify *or* rely on the state's official government database where Defendant assigned a specific registration number and is required by the Storm Water Permit to upload compliance data and reports.

## II.   CONCLUSION

The testimony from Mr. Hashemi and the custodian(s) of record should not be excluded by the Court because the factors guiding the Court's discretion weigh in favor of those omissions being harmless. The Court should not reward the Defendant's withholding of relevant evidence in the form of storm water sample reports and the name of the appropriate laboratory contact until the end of discovery by precluding the Mr. Hashemi's testimony. Similarly, testimony from the custodian(s) of record should not be excluded at trial because the omission was a consequence of the Defendant's withholding of information Waterkeeper was

PLAINTIFFS' OPPOSITION TO MOTION   5   Case No. 8:18-cv-00333 DOC (DFM)
IN LIMINE NO. 1

entitled to obtain. The prejudiced party in each scenario was Waterkeeper, not the Defendant.

In the interest of judicial economy, Waterkeeper will withdraw Ms. Gutierrez as a witness in its case-in-chief but reserves the right to call her as a rebuttal witness if needed.

Dated:        June 20, 2019        Respectfully submitted,
                                   LAW OFFICE OF JENNIFER F. NOVAK


                                   Jennifer. F. Novak  /s/
                                   Jennifer F. Novak
                                   Attorney for Plaintiffs Inland Empire
                                   Waterkeeper and Orange County
                                   Coastkeeper

PLAINTIFFS' OPPOSITION TO MOTION        6    Case No. 8:18-cv-00333 DOC (DFM)
IN LIMINE NO. 1

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Rod Pacheco (Bar No. 112432)
rpacheco@pncounsel.com
Brian Neach (Bar No. 242801)
bneach@pncounsel.com
PACHECO & NEACH P.C.
3 Park Plaza, Suite 120
Irvine, CA 92614
*Counsel for Defendant*

Colin Kelly (Bar No. 266956)
colin@coastkeeper.org
Sarah Spinuzzi (Bar No. 305658)
sarah@coastkeeper.org
ORANGE COUNTY COASTKEEPER
INLAND EMPIRE WATERKEEPER
3151 Airway Avenue, Suite F-110
Costa Mesa, California 92626
Telephone: (714) 850-1965
*Counsel for Plaintiffs*

DATED this 20th day of June, 2019.

By: /s/ Suzanne Willoughby
Suzanne Willoughby
Law Office of Jennifer F. Novak
500 Silver Spur Road, Suite 206
Rancho Palos Verdes, CA 90275

PLAINTIFFS' OPPOSITION TO MOTION IN LIMINE NO. 1          7     Case No. 8:18-cv-00333 DOC (DFM)