Rod Pacheco (SBN 112432)
Brian Neach (SBN 242801)
Bilal Essayli (SBN 273441)
Pacheco & Neach, P.C.
3 Park Plaza, Suite 120
Irvine, CA  92614
Tel.: 714-462-1700
Fax: 714-462-1785
rpacheco@pncounsel.com
bneach@pncounsel.com
bessayli@pncounsel.com

Attorneys for Corona Clay Co.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

INLAND EMPIRE WATERKEEPER, et al.

            Plaintiff(s),

     v.

CORONA CLAY CO.,

            Defendant,

Case No. 8:18-cv-00333-DOC (DFMx)

Hon. David O. Carter
Courtroom 9D

**CORONA CLAY COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE Nos. 8, 9, 12, AND 13**

**PTC Date:** June 28, 2019
**Time:** 10:00 a.m.

Complaint Filed:  February 27, 2018
Trial:  July 9, 2019

*CORONA CLAY COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NOS 8, 9, 12 AND 13*

Plaintiffs' Motions in Limine ("MIL") Nos. 8, 9, 12 and 13 asks this Court to make various rulings on evidence that are all based on a faulty premise.  Defendant Corona Clay Company opposes each and, because they overlap to some extent, combines its opposition brief to address all four at once.

## I.   Plaintiffs Must Still Prove Standing for Each of their Causes of Action Pursued at Trial.

Plaintiffs appear to be under the mistaken belief that this Court's ruling on their Motion for Partial Summary Judgment absolves them of any requirement to prove standing at trial.  This is incorrect.

To maintain an action in federal court, a plaintiff must have Article III standing. Plaintiffs, as the parties invoking federal jurisdiction, have the burden of proof and persuasion as to the existence of standing.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990).  As the Supreme Court has explained, the threshold requirement of standing is "perhaps the most important" condition of justiciability,  *Allen v. Wright*, 468 U.S. 737, 750 (1984), which "ensures that a plaintiff has a sufficient personal stake in a dispute to render judicial resolution appropriate."  *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 153 (4th Cir. 2000) (en banc) (citing *Allen*, 468 U.S. at 750–51). Associations such as Plaintiffs have standing "to bring suit on behalf of [their] members" only when their "members would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit."  *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs., Inc.*, 528 U.S. 167, 181 (2000); *Natural Resources Def. Council v. Southwest Marine, Inc.*, 236 F.3d 985, 994 (9th Cir. 2000).

In a CWA citizen enforcement action, an individual member of groups such as Plaintiffs will "otherwise have standing" under Article III only if he or she can

*CORONA CLAY COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NOS 8, 9, 12 AND 13*

demonstrate three requirements that constitute the "irreducible constitutional minimum of standing." *Lujan*, 504 U.S. at 560.  The Supreme Court has explained:

> [T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Laidlaw*, 528 U.S. at 180–81; *Ecological Rights Foundation v. Pacific Lumber Co.*, 230 F.3d 1141, 1147 (9th Cir. 2000). Here, Plaintiffs have the burden to prove, not merely plead, each of these elements **with the level of proof required at each successive stage of the litigation** before judgment can be entered for them.  *Lujan*, 504 U.S. at 561 ("Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.").  This Court's summary judgment ruling did not give Plaintiffs a free pass at trial.

Moreover, the Ninth Circuit recognizes "[t]here is no such thing as findings of fact, on a summary judgment motion." *Minidoka Irrigation Dist. v. Dep't of Interior*, 406 F.3d 567, 575 (9th Cir.2005) (internal quotation marks omitted).  "Although, in the course of ruling on such motions, courts will discuss facts or matters that are 'undisputed,' indisputable, not seriously disputed, appear 'undisputed' or established, or use words of like import when discussing the record evidence and briefing, this does mean that a court has thereby usurped the function of the trier of fact and done something more than provide the context for the motion or articulate and explain the basis for the decision or a step in the analytical process. *Jadwin v. Cty. of Kern*, No. 1:07CV00026OWWDLB, 2009 WL 1139987, at *2 (E.D. Cal. Apr. 28, 2009).

*CORONA CLAY COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NOS 8, 9, 12 AND 13*

Accordingly, and contrary to Plaintiffs' position, they are required to prove standing in order to pursue any causes of action at trial.

## II.   Plaintiffs' MIL No. 8 should be denied as it seeks to exclude evidence tending to disprove Plaintiffs' standing

Plaintiffs' MIL No. 8 seeks to bar evidence of dozens of lawsuits that Plaintiffs have filed against companies in Orange County, Riverside County, and Los Angeles County.  Nearly all of the cases resulted in consent decrees being entered, all of which included substantial payments to Plaintiffs, either in the form of legal fees, "monitoring" fees, "action plan" fees, or all of the foregoing.  The evidence adduced in discovery further indicates that Plaintiffs are attorney-operated with a primary focus on finding companies that are vulnerable to exorbitant fee requests.  Plaintiffs' Rule 30(b)(6) witness could not even answer the question of how his "team" determines where to conduct samples without revealing attorney-client privileged information. The exchange was as follows:

RAYMOND HIEMSTRA, (Pages 24:16 to 25:12)

24

16    Q.  Do you have a list of companies that you keep
17  that you're monitoring specifically?
18        MS. SPINUZZI:  Objection, calls for attorney work
19  product, calls for attorney/client privilege.
20        I'm going to instruct you not to answer.
21  BY MR. NEACH:
22    Q.  So the only way you can answer that question is
23  you'd have to reveal attorney information; is that
24  correct?
25        THE WITNESS:  I'm not going --

25

1        MS. SPINUZZI:  Do you have any information on
2  sampling that does not come from your attorneys?
3        THE WITNESS:  No.
4  BY MR. NEACH:
5    Q.  Well, let me follow up that question.  When she
6  asked that question, what was your understanding of her

- 3 -

*CORONA CLAY COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NOS 8, 9, 12 AND 13*

```
7   use of the word "sampling?"
8        A.  Where we're going to collect our samples.
9        Q.  Oh, okay.  So you can't answer the question of
10  where you're going to sample without revealing
11  attorney/client information; is that correct?
12        A.  Correct.
```

As discussed above, Plaintiffs have standing only if its "members would otherwise have standing to sue in their own right, the interests at stake **are germane** to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Laidlaw Envt'l Servs., Inc.*, 528 U.S. at 181.  As the evidence will show, the "purpose" of Plaintiffs is to make money, especially for their attorneys and executive director, Garry Brown.

The evidence of the prior lawsuits is highly relevant to Plaintiffs' primary purpose of making money and is contrary to the claims of standing asserted by Plaintiffs.  Barring this evidence would be prejudicial to Defendant and prevent it from presenting to the jury relevant evidence tending to disprove Plaintiff's claims of standing.  Plaintiffs' MIL No. 8 must denied.

### III.    Plaintiffs' MIL No. 9 should be denied as it seeks to exclude evidence tending to disprove Plaintiffs' standing

In their MIL No. 9, Plaintiffs seek an order from this Court barring Defendant Corona Clay Company from "introducing improper character evidence regarding Plaintiffs' Executive Director Garry Brown."   Although Plaintiffs discuss one particular document, their MIL No. 9 seems to go broader than that and would have this Court cloak Mr. Brown from any questioning that would impugn his own credibility and that of his organizations' actual purposes.  The motion is improperly broad and must be denied on that ground alone.  *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir.1975) ("Orders in limine which exclude broad categories of evidence should rarely be employed.").

*CORONA CLAY COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NOS 8, 9, 12 AND 13*

The fact that Mr. Brown was previously arrested in 1986 for counts of pimping, pandering, keeping a house of ill fame, soliciting an act of prostitution, prevailing on a person to visit a place of prostitution, and other charges in what authorities and local headlines trumpeted as a "prostitution ring" is relevant to his credibility by itself. A news article summarizing the criminal history and questionable practices of Mr. Brown is attached hereto as Exhibit A.

The fact that the arrest was followed several years later by judgments against him in favor of the Boy Scouts for mismanaging a "donation of boats" program makes the information even more relevant and pertinent. Finally, the fact that Plaintiffs were created shortly following Mr. Brown's transgressions above—as well as tens of thousands of dollars in tax liens against him—tends to prove that Plaintiffs' "purpose" in the context of standing is not concern for Clean Water, but concern for putting money in Mr. Brown's pocket. In fact, that has been Plaintiffs' "purpose" since Day One. The evidence goes directly to the "purpose" prong of the standing analysis, discussed above. Barring such evidence would be highly prejudicial to Defendant.

As for the article itself that Plaintiffs seek to preclude, the request is premature. Defendant can offer the document for multiple purposes, including impeachment and non-hearsay purposes. This is especially the case in that the article quotes statements from Mr. Brown. Further, the article is publicly available, was not in Corona Clay's possession, and is not subject to any document requests propounded by Plaintiffs to which Plaintiffs can point. The lack of production is therefore not a basis for barring the document, especially for impeachment purposes. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii).

**IV.** **Plaintiffs' MIL No. 12 should be denied as Plaintiffs improperly seek to use the Attorney-Client privilege as a shield and a sword**

With their MIL No. 12, Plaintiffs ask this Court to bar Defendant from calling Sarah Spinuzzi, Plaintiffs' in-house counsel, as a witness. The request is improper as

it would allow Plaintiffs to use the privilege as a sword and a shield and would also prevent Defendant from obtaining relevant evidence tending to disprove Plaintiffs' standing.

"The privilege which protects attorney-client communications may not be used both as a sword and a shield." *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991). As discussed above, Plaintiffs blocked Defendant from obtaining discovery regarding a number of issues—including how Plaintiffs determined to take samples from Defendant—all based on the attorney-client privilege.  In other words, Plaintiffs want to block Defendant from obtaining discovery regarding their internal working and purposes based on privilege, but at the same time want to have witnesses testify against Defendant on the very same issues.  This is improper and is contrary to the authorities cited by Plaintiffs for their MIL No. 12.

Further, Ms. Spinuzzi had direct contact with Michael Roth of the State Water Board, as Plaintiffs admit in their MIL No. 12.  The allegations of violations by Mr. Roth are precisely the information that Plaintiffs relied upon in developing their complaint, as noted in this Court's ruling on summary judgment.  (Doc. 55 at 14:11-20).  Defendants are entitled to question Ms. Spinuzzi about her discussions with Mr. Roth, which be definition are not privileged.

The broad relief sought in MIL No. 12 must be denied.

## V.      Plaintiffs' MIL No. 13 should be denied as it is overly broad and improper

With their MIL No. 13, Plaintiffs ask this Court to bar Defendant from calling Mr. Brown and Mrs. Brown as witnesses.  With no declarations in support, Plaintiffs merely state that the Browns don't now anything and therefore can't be called as witnesses.  To the contrary, Defendant believes that the Browns have highly pertinent information regarding standing and Plaintiffs self-serving statements to the contrary are not a basis for a motion in limine. "Orders in limine which exclude broad categories

of evidence should rarely be employed." *Sperberg v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712 (6th Cir.1975).  MIL No. 13 is improper and should be denied.

DATED: June 21, 2019

**PACHECO & NEACH, P.C.**

/s/ Bilal Essayli
Rod Pacheco
Brian Neach
Bilal Essayli

*Attorneys for Corona Clay Co.*

- 7 -
*CORONA CLAY COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NOS 8, 9, 12 AND 13*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2019, I filed the foregoing on this Court's electronic CMF filing system, which will deliver the foregoing via email to the following:

ORANGE COUNTY COASTKEEPER
INLAND EMPIRE WATERKEEPER
Colin Kelly (Bar No. 266956)
Email: colin@coastkeeper.org
Sarah Spinuzzi (Bar No. 305658)
Email: sarah@coastkeeper.org
3151 Airway Avenue, Suite F-110
Costa Mesa, California 92626
Telephone: (714) 850-1965

Jennifer F. Novak
Law Office of Jennifer F. Novak
500 Silver Spur Road, Suite 206
Rancho Palos Verdes, California 90275
(310) 693-0775 office
(626) 487-9762 cell
novak@jfnovaklaw.com

DATED this 21st day of June 2019.

_/s/ Bilal Essayli_____
Bilal Essayli
Attorneys for Corona Clay Co.

- 1 -
Certificate of Service