Jennifer F. Novak (SBN 183882)
novak@jfnovaklaw.com
LAW OFFICE OF JENNIFER F. NOVAK
500 Silver Spur Road, Suite 206
Rancho Palos Verdes, California 90275
Telephone:    (310) 693-0775
Facsimile:    (310) 627-0172

Sarah Spinuzzi (SBN 305658)
sarah@coastkeeper.org
Armita Ariano (SBN 314434)
armita@coastkeeper.org
ORANGE COUNTY COASTKEEPER
3151 Airway Avenue, Suite F-110
Costa Mesa, California 92626
Telephone:    (714) 850-1965
Facsimile:    (714) 850-1592

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INLAND EMPIRE WATERKEEPER, a project of Orange County Coastkeeper, and ORANGE COUNTY COASTKEEPER, a California non-profit corporation, | Case No.: 8:18-cv-00333 DOC (DFM) |
| | Hon. David O. Carter |
| Plaintiffs, | **DECLARATION OF JENNFER F. NOVAK IN SUPPORT OF PLAINTIFFS' JOINT STIPULATION REGARDING COMPELLING DISCOVRY** |
| v. | |
| CORONA CLAY CO., a California corporation, | **[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE DOUGLAS F. MCCORMICK]** |
| Defendant. | |
| | Motion Hearing Date: July 5, 2022 Motion Hearing Time: 10:00 a.m. |

NOVAK DEC IN SUPPORT JT STIP                    1                    Case No. 8:18-cv-00333 DOC (DFM)

I, Jennifer Faye Novak, hereby declare:

1. I am an attorney licensed to practice law in the State of California and in the United States District Court in the Central District of California. I am counsel for Plaintiffs Inland Empire Waterkeeper and Orange County Coastkeeper in this action and, as such, have personal knowledge of the facts stated in this declaration, except for those facts state upon information and belief, which I believe to be true and accurate. If called to testify, I could and would testify to these facts as stated.

2. On February 18, 2022, pursuant to FRCP Rule 34, Plaintiffs served Requests for Admissions, Set 3, on Defendant, a true and correct copy of which is attached hereto as **Exhibit A**.

3. On February 18, 2022, pursuant to FRCP Rule 34, Plaintiffs served Requests for Production of Documents, Set 3, on Defendant, a true and correct copy of which is attached hereto as **Exhibit B**.

4. On March 17, 2022, pursuant to FRCP Rule 34, Plaintiffs served Requests for Production of Documents, Set 4, on Defendant, a true and correct copy of which is attached hereto as **Exhibit C**.

5. On March 23, 2022, Defendant served responses to Plaintiffs' Requests for Admissions, Set 3, a true and correct copy of which is attached hereto as **Exhibit D.**

6. On March 23, 2022, Defendant served responses to Plaintiffs' Requests for Production of Documents, Set 3, a true and correct copy of which is attached hereto as **Exhibit E**. On April 8, 2022 and April 14, 2022, Defendant's counsel e-mailed links to documents being served in response to Plaintiffs' Requests for Production of Documents, Set 3. No amended response to was attached that would identify which documents were being produced in response to which request or that verified that these were the only documents within Defendant's possession, custody, and control, following a diligent and good faith search.

NOVAK DEC IN SUPPORT JT STIP     2     Case No. 8:18-cv-00333 DOC (DFM)

7.    On April 18, 2022, Defendant served responses to Plaintiffs' Requests for Production of Documents, Set 4, a true and correct copy of which is attached hereto as **Exhibit F**.

8.    On May 4, 2022, I sent counsel for Defendant a meet and confer letter regarding responses to Plaintiffs' Requests for Admissions, Set 3 and Plaintiffs' Request for Production of Documents, Set 3, attached hereto as **Exhibits G** and **H**, respectively.

9.    On May 27, 2022, I telephonically met and conferred with counsel regarding Defendant's objections to Plaintiffs' discovery requests in Request for Admissions, Set 3 and as well as the documents provided to us in response to Request for Production of Documents, Set 3. Counsel for Defendant stated an understanding of our position, and offered to pass the information along to the attorneys handling this matter.  I have not received any amended responses or documentation from Defendant.

10.    On April 28, 2022, I sent counsel for Defendant a meet and confer letter regarding responses to Plaintiffs' Request for Production of Documents, Set 4, a true and correct copy of which is attached hereto as **Exhibit I**.

11.    On May 4, 2022, I met and conferred with Brian Neach, counsel for Defendant, by Zoom regarding the production of documents and Defendant's objections to Plaintiffs' discovery requests in Request for Production of Documents, Set 4. I offered to enter into a stipulated protective order similar to one that counsel for Defendant had reached with my clients in another matter.  I offered to narrow the years for which we sought information. I further agreed that if certain responsive documents provided the information we sought regarding Defendant's financial position and expenditures, I would be willing to accept them as fully responsive, rather than require "all" documents on a given subject.  Counsel for Defendant agreed to provide us with the requested documents, to the extent not previously provided in discovery phase for the trial in 2019. Counsel for Defendant also agreed

that, to the extent the documents previously provided to us in the discovery phase of trial in 2019 is responsive to the requests in Request for Production of Documents, Set 4, he would provide us with a list of Bates numbers and the corresponding request in Request for Production of Documents, Set 4.

12. On May 5, 20222, the parties entered into a stipulation for a protective order, and filed it with the Court on May 9, 2022.

13. On May 11, 2022, the Court signed the protective order, attached hereto as **Exhibit J**.

14. On May 12, 2022, I followed up with Defendant for the documents requested in Request for Production of Documents, Set 4.

15. On May 18, 2022, I again followed up with Defendant for the documents requested in Request for Production of Documents, Set 4.

16. On May 20, 2022, an assistant to counsel for Defendant provided me with a tax return for the tax year 2019. The email accompanying the documents stated "Additional documents will be produced once received from our client's outside accountant."

17. On May 27, 2022, Plaintiffs followed up again with counsel for Defendant for the documents requested in Request for Production of Documents, Set 4. Counsel for Defendant advised that his office should be able to produce the remaining financial documents by "Tuesday" (May 31, 2022) but that he could not say for certain.

18. On May 31, 2022, Plaintiffs followed up again with counsel for Defendant for the documents requested in Request for Production of Documents, Set 4.

19. To date, Plaintiffs have not received any other documents or response to Plaintiffs' requests for Request for Production of Documents, Set 4.

NOVAK DEC IN SUPPORT JT STIP          4          Case No. 8:18-cv-00333 DOC (DFM)

20.    A true and correct copy of the Order establishing the case schedule (Case 8:18-cv-00333-DOC-DFM) issued by Hon. David O. Carter on January 31, 2022, is attached hereto as **Exhibit K**.

Dated:        June 14, 2022                     Respectfully submitted,


                                                LAW OFFICE OF JENNIFER F. NOVAK


                                                Jennifer. F. Novak _____

                                                Attorney for Plaintiffs Orange County
                                                Coastkeeper and Inland Empire Waterkeeper