Rod Pacheco (SBN 112432)
Brian Neach (SBN 242801)
Pacheco & Neach, P.C.
2 Park Plaza, Suite 1000
Irvine, CA  92614
Tel.: 714-462-1700
Fax: 714-462-1785
rpacheco@pncounsel.com
bneach@pncounsel.com

Attorneys for Corona Clay Co.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INLAND EMPIRE WATERKEEPER, et al.<br><br>        Plaintiff(s),<br>  v.<br><br>CORONA CLAY CO.,<br><br>        Defendant, | Case No. 8:18-cv-00333-DOC (DFMx)<br><br>Hon. David O. Carter<br>Courtroom 10A<br><br>**CORONA CLAY COMPANY'S OBJECTIONS TO "[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW, REMEDY TRIAL PHASE"**<br><br>Complaint Filed:  February 27, 2018 |

      Corona Clay hereby objects to the purported "[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW, REMEDY TRIAL PHASE" (Doc. 315) submitted by Plaintiff in this action on the following grounds.

      1.    Under Federal Rule of Civil Procedure 52(a)(1), "findings" are required only "in an action tried on the facts without a jury or with an advisory jury." There was no "bench trial" in this action and there was no "action tried on the facts." Rather, the parties agreed "to allow the Court to determine remedies on briefing, should the jury determine liability in Plaintiffs' favor." (Doc. 311.) The Court's order on the parties' stipulation likewise only referred to an "opening brief," an "opposition brief," and a "reply brief." (Doc. 312.) The parties did not agree to, and the Court did not approve, any kind of "proposed findings."

      2.    Even assuming "proposed findings" were necessary or required, under Local Rule 52-1 such "proposed findings" were required to be filed "at least seven (7) days before trial." Plaintiff asserts that the "parties' remedies briefing pursuant to stipulation is the functional equivalent of a bench trial on remedies," (Doc. 315 at 3:19-23). If that were the case (and Defendant disagrees that it is the case), then Plaintiff should have filed such "proposed findings" in accordance with Local Rule 52-1.

      3.    The elaborate "proposed findings" submitted by Plaintiff is unnecessary and a telling example of Plaintiff's driving up of litigation costs in this matter. There are numerous cases addressing penalties under the Clean Water Act that were done without any sort of elaborate "findings." As reference, the Court may consider the decisions in: *Resurrection Bay Conservation Alliance v. City of Seward*, No. 3:06-CV-0224-RRB) 2008 WL 11340292, at *1 (D. Alaska, Apr. 3, 2008); *Californians for Alternatives to Toxics v. Kernen Constr. Co.*, No. 4:20-CV-01348 YGR, 2021 WL 1734897, at *3, n.2 (N.D. Cal. May 2, 2021); *Idaho Conservation League v. Atlanta Gold Corp.*, 879 F. Supp. 2d 1148, 1165–1168(D. Idaho 2012).

- 2 -

4. To the extent the Court requires information regarding penalties, the parties' positions are adequately set forth in their briefs on the issue, (Docs. 313 and 316), including Corona Clay's objection to the absurd $18 million+ penalty sought by Plaintiff.

DATED: February 3, 2023          **PACHECO & NEACH, P.C.**

/s/ Brian Neach
Rod Pacheco
Brian Neach

*Attorneys for Corona Clay Co.*