**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:18-CV-00333-DOC-DFMx Date: October 26, 2023

Title: INLAND EMPIRE WATERKEEPER ET AL. V. CORONA CLAY CO.

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| | |
|---|---|
| Karlen Dubon | Not Present |
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: None Present | ATTORNEYS PRESENT FOR DEFENDANT: None Present |

---

**PROCEEDINGS (IN CHAMBERS): ORDER DENYING DEFENDANT'S MOTION TO DISMISS UNDER FEDERAL RULE OF PROCEDURE 12(B)(1) [349]**

Before the Court is Defendant Corona Clay Co.'s Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1) ("Motion" or "Mot.") (Dkt. 349). The Court finds this matter suitable for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the moving papers submitted by the parties, the Court now **DENIES** Defendant's Motion.

## I. FACTUAL BACKGROUND

The Court has previously summarized the facts in this case on multiple occasions, *see, e.g.*, Order Denying Plaintiffs' Second Motion for Summary Judgment ("MSJ Order") (Dkt. 245), so includes only a brief review here. Plaintiff Orange County Coastkeeper, and its subsidiary project Plaintiff Inland Empire Waterkeeper (collectively "Plaintiffs"), are environmental nonprofit organizations. First Amended Complaint

("FAC") (Dkt. 12) ¶¶ 1-2. Plaintiffs have more than 6,000 members who live or recreate in and around the Santa Ana River watershed. *Id.* ¶ 3.

Defendant Corona Clay Company ("Defendant") owns a clay recycling plant (the "Facility") at 10600 Dawson Canyon Road in Temescal Valley, California. Plaintiffs' Statement of Undisputed Facts (Dkt. 224-13) at 2. The activities at the Facility, such as crushing clay tile and brick for use in a variety of products, are classified as industrial activities. *Id.* Defendant obtained coverage from the state Water Resources Control Board for the Santa Ana Region to discharge storm water under the General Permit beginning in 2014. *Id.* Defendant's Facility sits uphill from a road labeled either Temescal Canyon Road or Park Canyon Drive, and Temescal Creek—a tributary of the Santa Ana River and a water of the United States—is visible from Defendant's Facility. *Id.* at 3-5.

## II. PROCEDURAL HISTORY

On February 27, 2018, Plaintiffs filed a Complaint with the Court (Dkt. 2). Plaintiffs filed their First Amended Complaint on April 20, 2018. Defendants answered on May 4, 2018 (Dkt. 13). The Court granted in part Plaintiff's original Motion for Partial Summary Judgment on June 10, 2019 (Dkt. 55). A jury trial found in favor of Defendant on October 24, 2019 (Dkt. 137). The Ninth Circuit vacated that judgment and remanded on November 5, 2021, for proceedings consistent with an intervening Supreme Court ruling, *Cnty. of Maui v. Hawaii Wildlife Fund*, 140 S. Ct. 1462 (2020). *See Inland Empire Waterkeeper v. Corona Clay Co.*, 17 F.4th 825 (9th Cir. 2021). The Court denied Plaintiffs' second Motion for Summary Judgment on August 4, 2022. *See* MSJ Order. The second jury trial found in favor of Plaintiffs on November 21, 2022. Following the trial, two remedies hearings, one on June 12, 2023, and one on August 28, 2023, were held to explore environmentally beneficial remedies. (Dkt. 334); (Dkt. 351).

On August 25, 2023, Defendant filed this Motion to Dismiss for Lack of Jurisdiction. Plaintiffs opposed the Motion on September 25, 2023. (Dkt. 354) ("Opposition" or "Opp'n"). Defendant replied on October 9, 2023. (Dkt. 357) ("Reply").

## III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a complaint must be dismissed if the court lacks subject matter jurisdiction to adjudicate the claims. Once subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**



party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists"). Accordingly, the court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to the motion to dismiss. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## IV. DISCUSSION

Defendants argue that because Temescal Creek is not a "water of the United States" ("WOTUS") under the Supreme Court's holding in *Sackett v. Environmental Protection Agency*, 598 U.S. 651 (2023), the Court lacks subject matter jurisdiction and must dismiss the case. Mot. at 4-5. Plaintiffs respond that the WOTUS determination does not impact the Court's subject matter jurisdiction here. Opp'n at 5. Instead, the jurisdictional question posed by such a determination is not one of subject matter jurisdiction, but of the Clean Water Act's ("CWA") *statutory* jurisdiction and the elements for a claim for relief. *Id.* The Court agrees. Courts in this Circuit have repeatedly acknowledged that the term "jurisdiction" in the CWA context refers to statutory jurisdiction, or the bodies of water where the CWA can be enforced, not subject-matter jurisdiction. Whether or not Temescal Creek is a WOTUS is an element of a claim for relief under the CWA, not a threshold determination that would deprive this Court of jurisdiction to hear Plaintiff's CWA claims at all. Because the Court finds that the WOTUS designation does not impact the Court's subject matter jurisdiction, it does not address the parties' arguments as to whether Temescal Creek is considered a WOTUS under the Supreme Court's holdings in *Rapanos v. U.S.*, 547 U.S. 715 (2006) and *Sackett*.

The Supreme Court has observed that the term "jurisdiction" has been used to refer to either subject matter jurisdiction or an element of a claim for relief. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 510-511 (2006). "Jurisdiction… is a word of many, too many, meanings." *Id.* at 510 (quoting *Steel Co. v. Citizens for Better Environment*, 523, U.S. 83, 90 (1998)). "Subject matter jurisdiction in federal-questions cases is sometimes erroneously conflated with a plaintiff's need and ability to prove" a claim for relief. *Id.* at 511. The Ninth Circuit has stated that establishing a body of water as a WOTUS concerns the ability to establish a claim, not the subject matter jurisdiction of a court. *San Francisco Baykeeper v. Cargill Salt Div.*, 481 F.3d 700, 709 n.9 (9th Cir. 2007).

Defendant relies primarily on two Supreme Court cases: *Rapanos* and *Sackett*. In both cases, the Court's discussion of "jurisdiction" does not concern a district court's subject matter jurisdiction, but the jurisdiction of government agencies to enforce the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:18-CV-00333-DOC-DFMx Date: October 26, 2023



CWA. In *Rapanos*, the plurality discussed the U.S. Army Corps of Engineers jurisdiction to enforce the CWA when establishing a standard to define a WOTUS. 547 U.S. 715. In *Sackett*, the court yet again discussed a government agency's (the Environmental Protection Agency's or "EPA") jurisdiction when upholding the *Rapanos* plurality rule on defining a WOTUS. 598 U.S. 651. Neither case discussed the ability of a district court to hear a CWA claim. Thus, neither case mandates the Court to dismiss the present case for lack of subject matter jurisdiction. Instead, *Sackett* and *Rapanos* establish that defining a body of water as a WOTUS is more accurately treated as an element of a claim for relief under the CWA.

Defendant also argues that, under the "law of the case" doctrine, the Court must dismiss the case for lack of subject matter jurisdiction. Reply at 4. The doctrine prohibits a court from reconsidering an issue already decided by the same court or a higher court in an identical case. *U.S. v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997). The Ninth Circuit, in ruling on an appeal in this case, noted as an aside that, "the CWA vests district courts with jurisdiction over a citizen suit only upon proof of discharge into the navigable waters of the United States." *Inland Empire Waterkeeper v. Corona Clay Co.*, 17 F. 4th 825, 836 (9th Cir. 2021) (citing 33 U.S.C. § 1365(a)(1)). The Ninth Circuit did not consider on appeal whether a determination that a body of water is a WOTUS determines subject matter jurisdiction. The cited statement from the Ninth Circuit was supplementary to a separate discussion about "jurisdictional discharge" and did not constitute a ruling or disposition. The "law of the case" doctrine is therefore not applicable here because it does not apply to dicta. *Rebel Oil Co v. Atlantic Richfield Co.*, 146 F.3d 1088, 1093-1094 (9th Cir. 1998).

The Court interprets the Ninth Circuit's statement regarding jurisdiction in *Inland Empire Waterkeeper*, 17 F.4th at 836 as referring to the jurisdictional element of a CWA claim. The parties do not cite, and the Court has not found, case law in this circuit stating that whether a body of water is a WOTUS is a threshold determination for subject matter jurisdiction. Rather, numerous cases in this Circuit demonstrate that establishing a body of water as a WOTUS is a necessary element for a CWA claim. *See Cargill Salt Div.*, 481 F.3d at 709 n.9; *N. Cal. River Watch v. City of Healdsburg*, 496 F.3d 993, 997 (9th Cir. 2007); *Hawai'i Wildlife Fund v. Cty. of Maui*, 881 F.3d 754, 765 (9th Cir. 2018); *United States v. Robertson*, 875 F.3d 1281, 1286-1287 (9th Cir. 2017). Moreover, *Inland Empire Waterkeeper* does not broach the topic of subject matter jurisdiction, but rather focuses on a separate inquiry— how the timing of an alleged discharge into a WOTUS impacts a CWA claim. 17 F.4th at 831, 836. Thus, in line with prior case law on this subject, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:18-CV-00333-DOC-DFMx Date: October 26, 2023



Court interprets the Ninth Circuit's statement about jurisdiction as referring to the extent of a court's jurisdiction to provide relief under the CWA.

Lastly, the plain language of 33 U.S.C. § 1365(a)(1) supports maintaining the Court's subject matter jurisdiction over this case. Citizens can commence a civil action under the CWA against any party who is alleged to have violated an effluent standard or limitation under specified statutes.[1] 33 U.S.C. § 1365(a)(1). "District courts shall have jurisdiction, without regard to the amount in controversy of the citizenship of the parties, to enforce such an effluent standard or limitation, or such an order… and to apply any appropriate civil penalties under § 1319(d) of this title." *Id.* The statute generally grants district courts jurisdiction over CWA claims. Nothing in the present case indicates the Court cannot exercise that jurisdiction here.

## V. DISPOSITION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss for Lack of Jurisdiction. The hearing scheduled for October 27, 2023 is **VACATED**.

The Clerk shall serve this minute order on the parties.

Initials of Deputy Clerk: kdu

MINUTES FORM 11
CIVIL-GEN

[1] The statutes are specified in 33 U.S.C. § 1365(f) and are as follows: (1) an unlawful act under subsection (a) of section 1311 of this title; (2) an effluent limitation or other limitation under section 1311 or 1312 of this title; (3) standard of performance under section 1316 of this title; (4) prohibition, effluent standard or pretreatment standards under section 1317 of this title; (5) a standard of performance or requirement under section 1322(p) of this title; (6) a certification under section 1341 of this title; (7) a permit or condition of a permit issued under section 1342 of this title that is in effect under this chapter (including a requirement applicable by reason of section 1323 of this title); or (8) a regulation under section 1345(d) of this title.