# EXHIBIT A

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 29 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| INLAND EMPIRE WATERKEEPER, a project of Orange County Coastkeeper and ORANGE COUNTY COASTKEEPER, a California non-profit corporation,<br><br>Plaintiffs - Appellees,<br><br>v.<br><br>CORONA CLAY COMPANY, a California corporation,<br><br>Defendant - Appellant. | No. 24-6090<br><br>D.C. No. 8:18-cv-00333-DOC-DFM<br>Central District of California, Santa Ana<br><br>ORDER |
| INLAND EMPIRE WATERKEEPER and ORANGE COUNTY COASTKEEPER,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>CORONA CLAY COMPANY,<br><br>Defendant - Appellee. | No. 24-6199<br><br>D.C. No. 8:18-cv-00333-DOC-DFM<br><br>Central District of California, Santa Ana |

NGUYEN, FORREST, and VANDYKE, Circuit Judges.

Corona Clay Company seeks an award of costs as the prevailing party in this appeal. (Dkt. 51.) Corona is correct that it is the prevailing party because, although we affirmed the district court on a predicate legal point, we reversed the judgment entered in their favor and remanded for a new trial. And Plaintiffs' argument that

fees may be awarded in environmental cases only where the case is frivolous is based on outdated precedent. *Compare Ocean Conservancy, Inc. v. Nat'l Marine Fisheries Serv.*, 382 F.3d 1159, 1161 (9th Cir. 2004) ("We have previously held that statutory costs and fee provisions such as that found in the ESA override Federal Rule of Civil Procedure 54(d), which allocates costs in the district court to the prevailing party." (citing *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001)) *with Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013) (holding that the federal rules codify "a venerable presumption that prevailing parties are entitled to costs"); *see also City of San Antonio v. Hotels.com, L.P.*, 593 U.S. 330, 336 (2021) (holding that each of the default rules of Federal Rule of Appellate Procedure 39 tracks the "venerable presumption that prevailing parties are entitled to costs.") (citing *Marx*, 568 U.S. at 377). Indeed, we have expressly held that our decision in *Brown* is "clearly irreconcilable" with *Marx*. *Garcia v. Gateway Hotel L.P.*, 82 F.4th 750, 759 (9th Cir. 2023) (internal citations and quotations omitted).

Nonetheless, we decline to award costs to Corona as a matter of discretion. *See Marx*, 568 U.S. at 377 (recognizing that whether to award costs is ultimately a discretionary decision). Plaintiffs rightly point out that when this case was last in this court, the outcome was the same but the position of the parties was reversed. *See Inland Empire Waterkeeper v. Corona Clay Co.*, 17 F.4th 825, 837–38 (2021). And when Plaintiffs previously sought an award of costs when they were the

prevailing parties, we declined their request and required the parties to bear their own costs. *Id.* ("Because we vacate the judgment, we do not address Corona's objections to the district court's costs order, the civil penalty, or the permanent injunction entered pursuant to the partial summary judgment. Each party shall bear its own costs."). With that history, it would be inequitable to now grant fees to Corona.

**Corona's Bill of Costs is DENIED.**